**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1892
_____

AREFIN CHOWDHURY,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. A063-722-661)
Immigration Judge: Adam Panopoulos

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 27, 2026

Before: HARDIMAN, SCIRICA,* and AMBRO, *Circuit Judges*.

(Filed: August 6, 2026)

_____

OPINION**

_____

---

* The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Arefin Chowdhury petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT). We will deny his petition.

I

A native of Bangladesh, Chowdhury was admitted to the United States as a lawful permanent resident in 2014. In 2021, Chowdhury was charged in a four-count indictment for aggravated sexual assault in the first degree, sexual assault in the second degree, and endangerment. According to the indictment, between 2014 and 2020, Chowdhury committed acts of "sexual penetration" by performing "vaginal intercourse" and "cunnilingus" upon a minor under 13 and touching a minor under 15 with his penis. A.R. 658–60. The minor involved in each of the "five to seven" incidents was his niece. A.R. 232. Chowdhury pleaded guilty to endangering the welfare of a child in the third degree, in violation of N.J. Stat. Ann. § 2C:24-4(a)(1). The Superior Court of New Jersey entered a judgment of conviction, noting, as an aggravating factor, "[t]he gravity and seriousness of harm inflicted on the victim." A.R. 654.

In 2023, DHS sought to remove Chowdhury as an alien convicted of a crime of child abuse. *See* 8 U.S.C. § 1227(a)(2)(E)(i). Chowdhury conceded removability and applied for asylum, withholding of removal, and CAT protection. The Immigration Judge (IJ) denied Chowdhury's application. The IJ first determined that Chowdhury's conviction barred him from asylum, statutory withholding of removal, and withholding of

removal under the CAT. And the IJ denied Chowdhury's request for deferral of removal under the CAT because Chowdhury was unlikely to be tortured if he returned to Bangladesh. Chowdhury appealed to the BIA.

While his appeal was pending, Chowdhury moved to remand. Three days later, the BIA issued its decision. The BIA adopted and affirmed the IJ's decision and dismissed Chowdhury's appeal. A week later, the BIA "rejected" Chowdhury's motion to remand. A.R. 1. Chowdhury timely petitioned for our review.

## II[1]

Chowdhury first takes issue with the IJ's conclusion that he was convicted of a particularly serious crime. A particularly serious crime "disqualifies [an alien] from all forms of relief from removal except deferral of removal under the CAT." *Sunuwar v. Att'y Gen.*, 989 F.3d 239, 250 (3d Cir. 2021). Chowdhury says that engaging in sexual contact that impaired or debauched the morals of a child in violation of N.J. Stat. Ann. § 2C:24-4(a)(1) does not always constitute a particularly serious crime. But that is not the right inquiry. The IJ was required to determine whether the statute's elements "*potentially* bring the offense within the ambit of a particularly serious crime" and, if so,

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because the BIA explicitly adopted the IJ's analysis, we consider both decisions, reviewing questions of law de novo and questions of fact for substantial evidence. *See Sunuwar v. Att'y Gen.*, 989 F.3d 239, 246 (3d Cir. 2021); *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 482 (3d Cir. 2022).

whether the specific conduct here was serious. *Luziga v. Att'y Gen.*, 937 F.3d 244, 253 (3d Cir. 2019) (emphasis added) (citation modified). The IJ did just that.[2]

Chowdhury's CAT challenge also fails. Chowdhury claims he will be tortured upon return to Bangladesh because he is bisexual, has a United States criminal conviction, and has an outstanding Bangladeshi warrant for his arrest based on his participation in political street protests several years ago. But Chowdhury introduced only country-conditions evidence about sexual minorities in Bangladesh, which, on its own, is "insufficient to demonstrate that it is more likely than not that a particular civilian . . . will be tortured" if he is removed there, *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003);[3] there is no evidence that Bangladeshi authorities torture those convicted of crimes abroad; and the political group Chowdhury supported is now in power. So the

---

[2] Chowdhury suggests that the BIA did not exercise its independent judgment by adopting and affirming the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). The BIA's adoption and affirmance means that its reasoning and conclusions align with the IJ's, not that it merely rubber stamped the IJ's analysis. *Paripovic v. Gonzales*, 418 F.3d 240, 244 n.4 (3d Cir. 2005).

[3] Chowdhury claims the IJ impermissibly relied on his testimony that, if returned, he would "not have" a same-sex relationship "out of fear of the backlash from cultural norms." A.R. 107–08; *see Matter of C-G-T-*, 28 I. & N. Dec. 740, 745 (BIA 2023) ("We do not base consideration of an applicant's fear of future harm on the ability or requirement to hide his or her sexual orientation." (citation modified)). But even if the IJ impermissibly expected Chowdhury to hide his sexual orientation given his testimony, that error was harmless. The record does not have specific evidence showing Chowdhury "is more likely than not to be singled out" for torture. *Hernandez Garmendia*, 28 F.4th at 484.

4

BIA properly concluded that Chowdhury was unlikely to be tortured if he returned to Bangladesh, and substantial evidence supports that conclusion.[4]

Finally, Chowdhury contends that the BIA failed to adjudicate his motion to remand, so we must grant his petition for review. But the underlying motion is not in the record before us, so we cannot consider it. *See* 8 U.S.C. § 1252(b)(4)(A). Chowdhury submitted his motion to remand three days before the BIA dismissed his appeal—without mention of the motion to remand. One week later, the BIA "rejected" Chowdhury's motion. A.R. 1. The BIA did so for three reasons: (1) "[t]he BIA issued a decision on the case selected for eFile"; (2) "[f]iler made a mistake or error in eFiling, e.g., submitted against wrong appeal"; and (3) "Improperly Combined Submission." A.R. 1. According to the BIA Practice Manual, "rejected" means the BIA did not consider the filing and the rejection does not qualify as "an adjudication of the filing or a decision regarding its content."[5] So although Chowdhury insists that it was the BIA's fault that his motion to remand never made it into record, the BIA's rejection means that the motion was never filed at all. Motions to remand logically must be filed before the decision issues (otherwise, Chowdhury would have to file a motion to reopen, *see* 8 C.F.R. § 1003.2(c)). And although the filing was "received," it appears the BIA's filing system did not accept

---

[4] Chowdhury asserts that the IJ impermissibly discounted his testimony for lack of corroboration without giving him a chance to do so. But the IJ found that Chowdhury's testimony, although credible, was not persuasive because it was not specific, not because he failed to corroborate it.

[5] BIA Practice Manual § 2.1(c)(1), https://www.justice.gov/eoir/page/file/1284741/dl (last visited July 30, 2026).

5

it because the "[f]iler made a mistake in e-Filing," which was perhaps because there was an "Improperly Combined Submission." A.R. 1. And as the BIA's rejection letter explains, "[r]ejection of this notice does not extend the original deadline for the filing for the appeal or motion unless otherwise noted above." A.R. 2.

Chowdhury does not help us understand what might have happened here. Chowdhury does not even explain *how* the BIA erred in rejecting his motion; he just claims its stated reasons were insufficient. Regardless, because the motion to remand was not properly filed, it is outside the record, and we cannot conclude that the BIA erred in rejecting it.[6] *See Yoc-Us v. Att'y Gen.*, 932 F.3d 98, 114 (3d Cir. 2019) (reiterating that under § 1252(b)(4)(A) we can only review the administrative record before us).

\* \* \*

For the above reasons, we will deny Chowdhury's petition for review.

---

[6] Chowdhury contends the explanations provided in his rejection were insufficient. But his logic presumes that the rejection constitutes a decision of the BIA, which it is not.